Mail to: Clerk-U.S. Dist Court
Eastern Dist. of Calif.
2500 Tulare Street
Fresno, CA 93721

FILED
NOV 09 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Michael Manjeet Singh, T-22165
(Name of Plaintiff)

S.V.S.P. (ASU-148)
(Address of Plaintiff)
P.O. Box 1050
Soledad, CA 93960

1:22-CV-01446-GSA (PC)
(Case Number)

vs.

COMPLAINT

Warden Pheiffer; Capt (SHU/ASU-2-KVSP);
Lieutenant (SHU/ASU-2-KVSP); Sgt.s (both SHU/ASU-2-KVSP)
% Neith; % Fowler; % Diaz
(Names of Defendants)

RECEIVED
NOV 09 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner: ☐ Yes ☒ No

B. If your answer to A is yes, how many?: N/A Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff N/A

Defendants N/A

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County) N/A

3. Docket Number N/A

4. Name of judge to whom case was assigned N/A

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?) N/A

6. Approximate date of filing lawsuit N/A

7. Approximate date of disposition N/A

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution? ☒ Yes ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint? ☒ Yes ☐ No

If your answer is no, explain why not N/A

C. Is the grievance process completed? ☒ Yes ☐ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant MR. (1st NAME UNKNOWN) Pheiffer is employed as WARDEN at KERN Valley State PRISON

B. Additional defendants CAPTAIN (SHU/ASU-2·KVSP); LIEUTENANT (SHU/ASU-2:KVSP); Sgts (both) (SHU/ASU-2·KVSP); C/O Veith; C/O FOWLER; C/O DIAZ; (FIRST NAMES &/OR initials unknown at this time)

* *note: I mailed complaint to this court in Sept., it was returned unfiled w/directions to 'E-file' it; before I could do so, I was placed in SATF·ASU & transferred to SVSP·ASU. I am now waiting to e-file this (any delay has been waiting to get these forms at SVSP; ASU-only gets law library on FRI.)

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

See attached pages

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

See attached pages

Signed this 31st day of October, 2022.

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

10/31/22
(Date)

(Signature of Plaintiff)

Plaintiff's Name Michael Manjeet Singh

Prisoner No. T-22165

Institutional Address 900 Quebec Ave

Corcoran, CA 93212

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Michael Manjeet Singh

*(Enter your full name)*

v.

Warden Pheiffer; Captain (SHU/ASU-2-KVSP) Lieutenant (SHU/ASU-2-KVSP) Sergeant(s) both of SHU/ASU 2 KVSP

% Veith; % Fowler; % Diaz

*(Enter the full name(s) of all defendants in this action)*

Case No. 4:22-cv-02393-KAW

*(Provided by the clerk upon filing)*

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement SATF,

B. Is there a grievance procedure in this institution? ☒ YES ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure? ☒ YES ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: N/A stolen by the KVSP staff cl was filing on - in ASU/SHU where cl was being held (see Ex. C, pg 2 of 2 **)

2. First formal level: ~~denied~~ 134042 & 134935 lost during Covid move (Jan. 19. 2022)

3. Second formal level: denied

4. Third formal level: N/A

E. Is the last level to which you appealed the highest level of appeal available to you?
☒ YES ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).

Michael Manjeet Singh, T-22165
SATF / G3·1·3 Low
P.O Box 5244
Corcoran, CA 93212

B. For each defendant, provide full name, official position and place of employment.

See Attached pages

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attached pages * Warden Pheiffer "agreed" to accepting me in a special agreement. I was a Level II inmate (classified below 36 placement points) at a (60+ points) Level IV, 180° (every yard there) = most violent of violent inmates (& staff that deal with them) = Warden knew/reasonably should've known how his staff was "gonna deal w/a paper-pusher like me."

# Verified Complaint for Damages And Declatory Relief

## I. Introduction

① This action arises from Defendants actions and omissions which caused Plaintiff to suffer intense physical, mental & emotional pain & suffering, in violation of the 8th Amendment & State law. The complaint alleges that Defendants (a) used unnecessary force; (b) failed to intervene as two officers brutally beat Plaintiff, exposing Plaintiff to an obvious risk of serious &/or fatal harm by further exacerbated by (c) deprived Plaintiff of medical care & treatment following the brutal stomping out & repeated hits to face & banging of head on concrete floor; (d) deliberately exposed Plaintiff to unsafe complications - by leaving Plaintiff in a state of unconsciousness in the cell where defendants beat him down, not withstanding his cries for help. Plaintiff requests that this court excercise its supplemental jurisdiction over his state law claims. And seeks declatory judgement & monetary relief.

## II. Jurisdiction and Venue

② Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Plaintiff seeks declatory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is based upon 28 U.S.C. § 1391(b), as the unlawful acts and omissions, alleged herein occured within this jurisdictional district and the majority of Defendants reside within this district. Plaintiff respectfully requests a jury trial on these allegations.

## III. Parties

③ Plaintiff Michael Manjeet Singh is & was, at all relevant times mentioned herein, a prisoner of the State of California, in the custody of the California Department of Corrections & Rehabilitations ("CDCR"), & was confined in the Administrative Segregation Unit ("ASU") / Security Housing Unit ("SHU"), - 2 unit at Kern Valley State Prison ("KVSP"). Plaintiff is currently confined at Substance Abuse Treatment Facility ("SATF"), P.O. Box 5244 in Corcoran, CA 93212.

④ Defendants: Veith, Fowler, Diaz are correctional officers for the CDCR. At all relevant times mentioned herein they were assigned to KVSP ASU/SHU,-2

⑤ Defendants - both Sergeants of KVSP ASU/SHU,-2 are correctional officers for the CDCR. At all relevant times mentioned herein, both were Sergeants & were assigned to KVSP-ASU/SHU,-2.

⑥ Defendant - Lieutenant of KVSP ASU/SHU,-2 is a correctional officer for the CDCR. At all relevant times mentioned herein, he held the rank of Lieutenant & was assigned to KVSP ASU/SHU,-2.

(7) Defendant Captain of KVSP ASU-SHU-2 is a correctional officer for the CDCR. At all relevant times mentioned herein, he held the rank of Captain and was assigned to KVSP ASU/SHU-2. He is responsible for the Physical & Mental well being of all inmates, within KVSP ASU/SHU-2, including Plaintiff.

(8) Defendant Pheffer is the Chief Executive Officer for the CDCR. At all relevant times mentioned herein, he held the rank of Warden of KVSP. He is responsible for the custody, treatment, training & discipline of all inmates under his charge.

(9) Defendants: where first names are unknown to Plaintiff, the last names are used to identify them; where their entire names are unknown to Plaintiff, their rank e.g. Sergeants (2), Lieutenant, & Captain are used to identify them.

(10) Each Defendant is sued in his individual capacity for monetary damages, and in his official capacity for declatory relief. At all relevant times mentioned herein, Defendants acted under the color of state law.

## IV. Exhaustion of Available State Remedies

(11) Plaintiff exhausted all available administrative remedies before filing this complaint.

(12) As for the State Law Claims, Plaintiff filed a claim concerning these occurences with the State Board of control within six months of those occurences (Goverment Claims Form (No. 2100-8396). Plaintiff will bring suit within six months of Boards failure to settle Plaintiff's claims as required by State law. Claim is still pending.

## V. Facts

(13) On June 8, 2021 I arrived at KVSP ASU-1; the Sgt. (non-reg & ISU) granted accomodation of: tray to be brought into cell at my bed.

(14) On June 9, 2021, I was denied AM chow but a box lunch was tossed to me by a c/o who stated, "I am not bringing your tray to your bunk."

(15) On that day hours after breakfast, I was escorted (my wheelchair was brought to my cell door; I then hopped on one leg from bunk to cell door to be cuffed up by c/o Veith & c/o A. Diaz, then sat in wheelchair & escorted to clinic for insulin. The medical clinic computer was not functioning.

(16) I was escorted back to my cell, when at cell door, I asked if wheelchair could go inside the cell. I explained the 3rd/w Sgt. from the night before had granted a reasonable accomodation due to my severe mobility issues.

(17) c/o's Veith & A. Diaz & Fowler placed me in my cell without wheelchair (cell door was opened by tower. I stood up with assistance then I hopped into cell.

(18) The cell door was then closed, the food port opened.

(19) I then told the c/o A. Diaz, "Can you go get the Sgt. for me? I need assistance."

(20) c/o A. Diaz then replied, "What? You refuse to give up the handcuffs !!??"

(21) During these events transpiring, there was lots of background noise (CCCMS ASU/SHU) ASU-1.

(22) I replied, "I did not say that!", (my hearing aids were being worn).

(23) Immediately, c/o Veith started yelling, "This isn't SATF Motherfucker! Open 105 Now!"

(24) c/o's Veith, A. Diaz & Fowler did not do anything to prevent one another from breaking policy, procedure, & endangering Plaintiffs health and safety.

(25) Veith, A. Diaz, & Fowler (C/Os & Defendants) have been trained in Use of Force and to refrain from using Unnecessary Force (Cal. Code Regs (CCR) Title 15 §§ 3268(a)(1)&(2); CCR Title 15, 3268(b). & 3268.3(c), "Any employee who observes a use of force that is unnecessary or excessive shall attempt to stop the violation." VI Misuse of Force

(26) Nevertheless, Veith, A. Diaz & Fowler not only neglected their duties but callously disregarded the known risks of harm to Plaintiff's health & safety by maliciously having cell door opened.

(27) Immediately, upon entry to the cell Defendants Veith, A. Diaz & Fowler viciously slammed Plaintiff to the concrete floor of the cell; the sound of ME (Plaintiff) crashing to floor still reverberates.

(28) Once Plaintiff was on the ground A. Diaz held Plaintiff down while Veith dropped kicks into Plaintiff's ribs. (Veith would jump into air then land with full force (of full weight and downward acceleration) violently striking Plaintiff with the rough outter armor of heavy duty workboots).

(29) Simultaneous to Veith, C/O Fowler repeatedly struck Plaintiff in face with multiple slaps and grabbed & banged Plaintiff's head on the concrete floor of cell, also multiple times.

(30) Defendants simultaneously rained down blows on an ADA [(disabled) physically & also hearing impaired] (defenseless man). Plaintiff began to feel & experience intense, severe & unbearable pain & began gag, choke, cough while Defendants yelled "These* (ADA) vests don't mean shit here! You Fuckin' rag head!" (Repeatedly) [I/M Johnson in cell (next door 106) said, "Leave him alone!"

(31) Defendants - after beating Plaintiff for "sometime", finally removed chains then left Plaintiff was left on cell floor. C/O A. Diaz was the one to remove the chains. [No alarm was activated]

(32) Psych. Tech (Dillard) had turned onto the tier, right when I was returning from insulin attempt, that was approx. 10-12 cells down the tier. Sometime after my beatdown, Dillard appeared at my cell door for "CCCMS-Psych. Rounds." I (Plaintiff) informed Dillard that "Staff just beat me up really bad. I need help!" Seconds later I fell unconscious, (appearing non responsive).

(33) Sometime later, I was suddenly & violently awakened by the presence of three C/Os Veith, Fowler & A. Diaz (Defendants) picked me up, threw me in my wheelchair & wheeled me to insulin nurse again.

(34) Once in front of nurse, I immediately said, "Staff just beat me up real bad! I can't breathe! I'm in severe pain! I need medical attention bad! I'm man down!" (Medical) Code Activated.

(35) After Code was Activated, all the Prison Guards came to medical area. Lieutenants & both Sergeants came out of their offices.

(36) Upon seeing the Lt. & Sgt.s, I tried to call out for them. C/O Veith put a grip with both hands & said, "Turn your head back around. Can't you see they don't want to talk to you? You see they aren't acknowledging you!" (The Lt. & Sgt.s clearly heard but in fact deliberately ignored me). C/O Veith forced my head back around, so I could only look straight, worsened pain.

(37) Because Veith, A. Diaz & Fowler failed to immediately summon medical attention & left me beat down & laying on floor (for some unknown lengthy period of time), trapped (in severe pain) in the cell & thus compounded Plaintiff's physical, mental & emotional pain and suffering.

*ADA Vest - A neon bright colored vest. It identifies inmates with disabilities. The back of vest states disabilities e.g. Plaintiffs states ① Mobility Impaired ② Hearing Impaired. The vest(s) disability is by Dr. prescription.

Denial of Medical care / Exposure to Unsafe Living Conditions

(38) In response to Medical Code, an Emergency Response Vehicle (ERV) was dispatched to ASU/SHU. I, C/O Veith wheeled me (with A. Diaz & Fowler along side) to a door leading outside, they wheeled me outside, waiting for the ERV's arrival. I requested video be made.

(39) Upon ERV's arrival, it's door was opened. C/O Veith told the nure, "Don't pull the gurney out!" C/O Veith then told me, "Go ahead, get up in there (ERV)!" I replied, "I can't walk!" C/O Veith then stated, "You are NOT DPW! You are DPO! If you don't hop up in the van (ERV), then you are refusing medical attention!" I was denied any care.

(40) After I was denied medical attention, C/O Veith loudly stated, "Whew! Crisis Averted!" C/O Fowler replied, "Yeah, I know." C/O A. Diaz silently stood there, along with other guards. I told C/O Veith "Sgt. Lepe put a chrono in my file re: wheelchair in cell!" C/O Veith said "You Liar!"

(41) I was then wheeled back to my cell. On the way back, C/O Veith told me the following, "For the rest of your time here, I better not hear a peep out of you! If you make any peep, I'll take all your DMEs (Durable Medical Equipment)! I'm married to a Doctor! Your wheelchair will be pulled! I'll have you crawling on the floor around here! Do you hear me?" (I was wheeled into my cell. Red paper jump suit all ripped up, patches missing)

(42) Once again, all three entered my cell (Veith, A. Diaz, Fowler); They unlocked the lock, forcefully pulling out they chain. I offered no resistance. I was left sitting in my wheelchair.

(43) California Code of Regulations (CCR), Title 15 §§ 3268(a)(A)(B) & California Government Code (CGC) §§ 845.6, 844.6 put defendant's on notice that they had an obligation to ensure medical care was provided. Additionally, CCR, Title 15, §§ 3268.3(c) requires, "any employee that sees abuse must stop it," failure to do so is condoning officer brutality. Failure to report it, is code of silence.

(44) The Operation Procedure (OP) also gave them fair warning that they immediately ensure always the safety & security of inmates, echoing (CCR) Title 15 §§ 3271 - Responsibility of Employees - "Every employee is responsible for the safe custody of the inmate confined in the institutions of the Department."

(45) Nevertheless (Veith, A. Diaz & Fowler) not only did Defendants not follow policies, they completely disregarded the policies / procedures intended to minimize the severely painful effects of the brutality they themselves inflicted in denying Plaintiff medical care once the ERV arrived denying Plaintiff access to a gurney, then requiring me to "hop up in the van" when I was in clear duress of severe pain. Transport to Medical was for all purposes denied. I was made to endure the severely painful aftereffects of Defendants Beatdown. Defendants were deliberately indifferent to Plaintiffs serious medical needs as they ignored his cries for help, denied access to medical attention; denied any medical staff any access to even "check out" Plaintiffs condition, this despite knowing plaintiff is physically disabled & audibly hearing impaired, with a breathing machine (in cell).

(46) Instead they left Plaintiff to wallow in the severely painful state afterwards and all through the night. Consequently, they exposed Plaintiff to further physical, mental & emotional pain and suffering.

Supervisory Officials denial of medical care / Exposure to unsafe conditions:

(47) Both Sergeants & Lieutenant were aware of my cries for help to them (they stood no more than approx. 20 feet away). They stood in the hallway (in front of their office doors) while I was in front of clinic door (in the same hallway). They also saw C/o Veith grab my head & forcefully turn it away from looking at them, as eye contact was made between us when they heard me yelling for help. Captain was also informed of the incident.

(48) Plaintiff continued calling for help, but both Sgts. & Lieutenant ignored the calls, relying instead on C/o Veith turning my head away from looking at them so they wouldn't have to hear me any more or make eye contact with me.

(49) The Sgts. & Lieutenant provided no instructions nor did they inquire about my status or Plaintiff's obvious cries for help & needs for medical attention. Instead, they let Plaintiff wallow in pain inspite of all of the cries for help.

(50) At all relevant times mentioned herein, Defendants Veith, A. Diaz & Fowler were known by all supervisors to have inflicted force on me. Approx. a couple hours later, a Captain came to my cell door to conduct the ASU Administrative (Lock-Up Order CDCR 114) Review. My vision was still very blurry so the name tag could not be properly recited, it (name) was either "Yardley" or "Haddley." Description - Caucasian female; short blonde hair, slicked (combed) back.

(51) Plaintiff immediately informed Captain regarding staffs use of force. The Captain condescendingly dissmissed me. While Plaintiff spoke to Captain, C/o Veith showed up. I informed the Captain that Veith was one of the staff that perpetrated violence (battery) on me. The Captain then laughed loudly, then pointed at C/o Veith and stated, "Oh this one here?" At that moment, my (one of) positively identified assailant smiled, then loudly laughed. The Captain then stated "Oh, I'll get you a 602," in a condescending manner then left. At no time did the Captain ask if I was ok or If I needed any medical attention. The Captain disregarded my concerns & did NOT provide a 602 (appeal). My medical needs were ignored by the highest ranked staff.

(52) Defendants: Captain, Lieutenant & both Sgts. had a legal obligation to ensure I was provided medical attention. I had communicated my need for help to see a Doctor to each one. It was done verbally & on multiple occasions - during the medical code - the Lt. & Sgts. were present when my abusers denied me care. I verbally told the Captain - who in fact laughed at me with one of the assailants (Veith) standing right next to Captain also laughing, both mocking me: All had a legal obligation to summon medical attention for Plaintiff.

(53) Nevertheless, they ignored these obligations & were deliberately indifferent to Plaintiff's serious medical needs. As a result, they contributed by compounding exponentially to the physical, mental and emotional pain & suffering inflicted on the Plaintiff.

Dereliction of Duty / Deliberate indifference

(54) All supervisory staff: Lieutenant & both Sgts. knew when code (medical) was activated & Captain was informed at Admin. Review. All of my repeated requests for medical staff were rebuffed.

(55) All day & into the evening I complained to any/all staff re: having a hard time breathing, pain (severely excruciating) in my side, pain in head, dizzy, blurry vision.

(56) Rather than assist by removing me from cell, I was ignored. Having been left in that condition despite both Sgt.s, Lieutenant & Captain knowing of my serious medical needs, I was made to endure the severely excruciating pain — all the rest of that day & into the night. Defendant's exacerbated Plaintiff's pain & suffering, by leaving him in a medically detrimental state, thus clearly demonstrating a blatantly callous disregard for Plaintiff's health & safety.

(57) At PM insulin (6-9-21) I filed an 1824 grievance, placing it into the appeals box. However, I feared it was intercepted by staff who stated → (Veith) "Crisis Averted" when I was denied medical care (& denied stating what occurred to any medical staff a chance to).

(58) As a result of each of Defendant's actions & omissions, Plaintiff remained in severely excruciating pain without medical treatment & not only did he experience & endure unnecessary & wanton infliction of pain, which later - on June 24, 2021 (15 days later) was confirmed to be multiple fractured ribs. (SEE Ex. A)

(59) On 6-10-21, the Dr. (Dr. J. Wang) immediately "coded" (Medical Emergency) & ordered me to be taken to the hospital.

(60) Also Dr Wang ordered a "wheel chair lift for access to transport vehicle" (SEE Ex. B)

(61) On 6-10-21, the X-ray revealed the ribs too "severely bruised" to show a break(s).

(62) However, subsequent X-rays (of the ribs) on 6-24-22 demonstrated multiple rib fractures & rib displacement.

(63) On 6-11-22, I was pulled out of the cell (by Mr. Jose Aceves of Allegation Inquiry Management Section (AIMS), Office of Internal Affairs) for interview re: issues at S.A.T.F. Upon looking at me, the Lt. said, "You looking like a broken man. I came to see you yesterday, but they told me you were at the hospital, so I returned today." He (Lt. Aceves) then interviewed me. [SEE Ex. C) 2 pages. June 11, 2021 interview memo signed by both Lt. Aceves & Capt. Weber (A.I.M.S.) Internal Affairs. Before leaving Lt. Aceves stated, "I'll inform the Warden." When I asked "who is that?" he (Lt.) replied, "His name is Pfeiffer."

(64) A chrono in my C-file (See Ex. D) that I told C/O Veith about who replied, "I checked! It's not in your C-file! I hate liars! You're a liar!" The chrono dated 5-25-21, by SATF, ASU Sgt. Lepe who quoted me as saying, "I am properly housed when my wheelchair is in the cell with me."

(65) (See Ex. E) clearly states Plaintiff's primary method of communication: Hearing Aids.

(65.1) No policy(s) in effect were used by the three (3) defendant's who surreptitiously entered Plaintiff's ASU/SHU cell to inflict bone breaking beatdown [to wit: *Serious Bodily Injury (SBI)], as no superiors were called, alarm activated etc.

*SBI means serious impairment of physical condition, including & not limited to: bone fracture. (CCR Title 15, 3000)

## VII Claims For Relief

(66) The actions of Defendants Veith & Fowler in using unnecessary, excessive & unreasonable physical force against Plaintiff without need or provocation, constituted excessive force in violation of the Eighth Amendment. Veith & Fowler knew it was injurious to Plaintiff to (Veith) repeatedly kick me in the ribs & (Fowler) to repeatedly strike me in the face & repeatedly bang my head on the ground, but nevertheless sadistically & maliciously continued to do so.

(67) The actions of A. Diaz - (Defendant) in failing to prevent & further duty to intervene to stop each (Veith & Fowler) Veith & Fowler from using excessive & unreasonable force, despite knowledge of a substantial risk of harm to Plaintiff, violated Plaintiff's 8th Amendment rights to be free from deliberate indifference & from Cruel and Unusual Punishment to his health and safety; this is also negligence.

(68) The actions of Defendants Veith & Fowler in using unnecessary & excessive force against Plaintiff, without need or provocation, violates State law & constitutes a tort of unnecessary, excessive, unreasonable force & negligence under CCR, Title 15 §§ 3268 (a)(2); 3268(b) 3268.1(c); Cal. Gov't Code 844.6(d).

(69) As a result of Veith, A. Diaz & Fowler (Defendants) actions, Plaintiff was subject to serious physical, mental & emotional pain & suffering.

### (i) Negligent Failure To Protect

(70) Defendants (Veith, A. Diaz & Fowler) owed a duty to Plaintiff of reasonable care to protect him from unnecessary physical force. Cal. Code. Regs, Title 15 §§ 3268(a)(2); 3268(b); 3268.1(c).

(71) Defendants Veith, A. Diaz & Fowler breached that duty, by failing to prevent & further duty to intervene to stop each other from using excessive & unreasonable force, despite knowledge of substantial risk of harm to Plaintiff's health & safety that a beatdown by multiple assailants could, would & did in fact cause, (See Ex. 'A') of a defenseless, disabled wheelchair bound man.

(72) The breach of that duty resulted in: the use of unnecessary, excessive, unreasonable, physical force & caused serious physical, mental & emotional pain, suffering & damages.

(73) The breach of duty proximately caused those damages.

### (ii) Use of State Property to Create Dangerous Condition & Injury

(74) Defendants Veith, A. Diaz & Fowler owed a duty to Plaintiff of reasonable care, to refrain from using State property to create a dangerous condition. Cal. Gov. Code 835.

(75) Defendants Veith, A. Diaz & Fowler breached that duty by failing to prevent & further duty to intervene to stop each other from using excessive & unreasonable force, despite knowledge of substantial risk of harm to Plaintiff's health & safety that a beatdown by multiple assailants could, would & did in fact cause, (See Ex. A) of a defenseless, disabled wheelchair bound man.

(76) The breach of that duty caused by a surreptitious [no code activation) Superiors summoned prior to entrance of cell] cell invasion - using prison cell as 'cover' from Defendants being seen conducting illegal activities (to wit: a 'beatdown') of Plaintiff resulted in serious physical, mental & emotional pain, suffering & damages.

(77) The breach of that duty proximately caused those damages.

B. Deliberate Indifference To Serious Medical Needs

(78) The Refusal of Defendants: Veith, A. Diaz & Fowler, Lieutenant, both Sgts., Captain & Warden to (a) ensure Plaintiff was provided medical care; (b) in fact creating & errecting discriminatory (of ADA) barriers [Stating: 'don't pull the gurney out,' 'go ahead, hop up in there (emergency vehicle),' 'If you don't hop up in the van (ERV), then you are refusing medical attention!' despite me clearly stating, "I can't walk."] (c) allow medical staff to even take vitals/administer first aid, oxygen & medical treatment; & (d) doing all of the above so "Crisis Averted" - crisis: being the exposure of Defendant's illegally brutal, malicious beatdown of a defenseless, disabled-wheelchair bound man - constituted deliberate indifference to Plaintiff's serious needs, in violation of 8th Amendment.

(79) The failure of Defendants: Veith, A. Diaz, Fowler, both Sgts., Lieutenant, Captain & Warden to NOT illegally errect barriers & take steps to ensure, that Plaintiff received needed treatment, despite their knowledge of a serious medical need, constitutes deliberate indifference to Plaintiff's serious medical needs in violation of the 8th Amendment.

(i) Medical Negligence Cal. Gov't Code 845.6; 844.6

(80) Defendants Veith, A. Diaz, both Sgts., Lt., Capt. & Warden owed Plaintiff a duty of reasonable care, which included: (a) an obligation to summon for medical care & not errect barriers to that care (so as to make it unavailable) because they knew or had reason to know, Plaintiff was in need of such care, & (b) to ensure Plaintiff was provided with the necessary treatment, in compliance with aforementioned paragraphs. See Gov. Code §§ 845.6, 844.6.

(81) Defendants Veith, A. Diaz, both Sgts., Lt., Capt. & Warden breached these duties by failing to provide meaningful access to medical attention for Plaintiff & by failing to ensure he was provided the treatment he needed.

(82) The breach of duty resulted in serious physical, mental & emotional pain, suffering & damages.

(83) The breach of duty proximately caused those damages.

C. Dangerous Living Conditions

(84) The refusal of Defendants: Veith, A. Diaz & Fowler to provide any medical (attention) access immediately after beatdown; instead leaving Plaintiff in severe, excruciating pain on the cell floor & helpless, then for a second time - errecting barriers to access - e.g. "Hop up in there (ERV)," "If you don't hop up in the van (ERV) then you are refusing medical attention" despite me clearly stating, "I can't walk," allow medical staff to take vitals/administer first aid, oxygen & medical treatment - despite their knowledge that Plaintiff was in severely excruciating pain, then made to spend all night with out any medical care constituted deliberate indifference to Plaintiff's needs for safe & humane living conditions in violation of the 8th Amendment.

(85) Defendants Veith, A. Diaz, Fowler, both Sgts. & Lt. contributed to Plaintiffs physical, mental & emotional pain & sufferings & to the violation of Plaintiffs 8th Amendment rights, by failing to order, or take steps to ensure that Plaintiff was actually provided meaningful access to medical care, despite their knowledge that Plaintiff was suffering from a severe beatdown by multiple staff assailants.

## VIII Relief Requested

Wherefore Plaintiff requests that the court grant the following relief:

A. Order a jury trial on these allegations.

B. Excercise its supplemental jurisdiction over plaintiff's statelaw claims.

C. Issue a declaratory Judgement that Defendants violated Plaintiff's constitutional and State Rights, as alleged in the complaint.

D. Award compensatory damages in the following amount:

1. $6,000,000.00 jointly & severly against each Defendants Veith, A. Diaz, Fowler, both Sgts., Lieutenant, Captain & Warden Phiffer for the Physical, Mental & Emotional pain and suffering resulting from their actions and omissions as described in this complaint.

E. Award punitive damages in the amounts of:

1. $1,000,000.00 each against Defendants [redacted], both Sgts., Lieutenant, Captain & Warden Phieffer for their reckless violation of Plaintiff's 8th Amendment & State Rights.
2. 2,000,000.00 each against Defendants Veith, A. Diaz, & Fowler for their reckless violation of Plaintiff's 8th Amendment & State Rights.

F. Award nominal damages against Defendants Veith, A. Diaz, Fowler, both Sgts., Lieutenant, Captain & Warden Phieffer for their actions & omissions & for violating Plaintiff's 8th Amendment & State Rights.

G. Appoint counsel & award reasonable costs, attorney fees & investigative, and/or expert fees/expenses.

H. Order Defendants to reimburse Plaintiff all costs, expenses, fees et. seq. incurred as a result of bringing & prosecuting this suit.

I. Provide any/all medical needs e.g. durable medical equipment (dme) - e.g. roho air (wheelchair seat) cushion, foamposit /gel mattress; accomodation(s) - trapeze bar listed in ADA accomodation/housing needs (for transfer from wheelchair to bunk) so as to transfer without subject to fall hazard.

J. Grant any other relief this court deems proper

## IX Verification

This statement is true & correct under the penalty of perjury to the best of my ability & recollection.

Dated: May 3, 2022

Respectfully Submitted,

Michael Manjeet Singh [signature]

Michael Manjeet Singh, T-22165
In Pro Per

Table of Exhibits:

A - X-Ray results: broken ribs (6-24-21)
B - 128-C3 Medical Classification Chrono (6-10-21)
C - Internal Affairs Memo - Capt. Weber (6-11-21) - 2 pgs
D - Wheelchair In cell Memo - Sgt. Lepe (5-25-21)
E - ADA Effective Communication Patient Summary (7-15-21)
AA - #granted 602 Log # 134.935 (6 pgs. total)
BB - #granted 602 Log # 134.042
A1 # [illegible] 8.22.16 XRAY - R. Foot w/hardware
A2 #146.433 (12-15-21) 6 pgs.
A3 #146434 (12-15-21) 5 pgs.
B2 = 5 pgs - Armstrong (May 2021) (a slipcopy 4 pgs WL 930454) ARP

 CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

KVSP - Kern Valley State Prison
3000 West Cecil Avenue
P.O. Box 6000
Delano, CA 93216-

| | | | |
|---|---|---|---|
| Patient: | SINGH, MICHAEL MANJEET | | |
| DOB/Age/Birth Gender: | 2/11/1975 46 years Male | CDCR #: | T22165 |
| Encounter Date: | 6/8/2021 | PID #: | 11913823 |
| Attending: | Wang,Jeffrey P&S | Referring: | |

## *Diagnostic Radiology*

| ACCESSION | EXAM DATE/TIME | PROCEDURE | ORDERING PROVIDER | STATUS |
|---|---|---|---|---|
| | 6/24/2021 12:06 PDT | XR RIBS LEFT-2 VWS W/ CHEST 1 VW | Wang,Jeffrey P&S | Auth (Verified) |

Report

PATIENT NAME: MICHAEL SINGH
MRN: 11913823
DOB: 02/11/1975
ACCOUNT: 10000003111913823T22165
ORDERING PHYSICIAN: J. Wang
Service Date: 06/24/2021

XR RIBS LEFT-2 VWS W/ CHEST 1 VW

CLINICAL INDICATION: "Left chest wall pain after an altercation. R/O rib fracture
COMPARISON: None
TECHNIQUE: Routine technique

FINDINGS:

There is no focal consolidation, pneumothorax, or pleural effusion. No overt pulmonary edema.

The cardiomediastinal silhouette is within normal limits for size.

Mildly displaced right lateral ninth rib fracture. Questionable nondisplaced left eighth lateral rib fracture. No additional fractures appreciated.

IMPRESSION:

1. Mildly displaced left ninth rib fracture. Questionable nondisplaced left eighth rib fracture.

Electronically Signed by: ABartret, MD

Date Signed: 6/24/2021 12:06 PM

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID: 44141271 Print Date/Time: 7/22/2021 08:43 PDT

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

State of California
Department of Corrections and Rehabilitation

**MEDICAL CLASSIFICATION CHRONO**
CDCR 128-C3 (REV. 10/13)

*This is the historical chrono*

Ex. B

Page 1 of 2

Inmate

| ○ Permanent | ⊙ Temporary | ☑ Expires on: 12/10/2021 | ☐ Expiration Unspecified, Review in 6 Months |
|---|---|---|---|

| Level of Care Based on Patient Need | | | | Classification Factors | |
|---|---|---|---|---|---|
| OP | ⊙ | Acute Rehab | ○ | Temp. Medical Hold* ☑ | Long Term Stay ☐ |
| SOP | ○ | Hospice | ○ | Temp. Medical Isolation* ☐ | Override[2]* ☐ |
| OHU | ○ | SNF | ○ | | |
| CTC | ○ | GACH/Outside Hospital | ○ | | |

**Intensity of Services**

| Proximity to Consult | Functional Capacity | Medical Risk | Nursing Care Acuity |
|---|---|---|---|
| No Particular Need ○ | Vigorous Activity ○ | Low Risk ○ | Basic Nursing ⊙ |
| Infreq. Basic Consultation ⊙ | Full Duty ○ | Medium Risk ○ | Uncomplicated Nursing ○ |
| Freq. Basic Consultation ○ | Limited Duty* ⊙ | High Risk ⊙ | Low-Intensity Nursing ○ |
| Tertiary Consultations* ○ | Totally Disabled* ○ | | Medium-Intensity Nursing ○ |
| Community Placement* ○ | | | High-Intensity Nursing ○ |
| | | | Special Nursing ○ |

| Specialized Services | | Institutional-Environmental | |
|---|---|---|---|
| Clinical Category 1 ☐ | Therapeutic Diet[1]* ☐ | Restricted-Altitude* ☐ | Req. Electrical Access[1]* ☐ |
| Clinical Category 2 ☐ | Respiratory Isolation ☐ | Restricted-Cocci Area 1 ☐ | Req. Adaptive Equip.[1]* ☑ |
| Pregnancy Program ☐ | Speech/Occ. Therapy ☐ | Restricted-Cocci Area 2 ☑ | Req. Medical Transport* ☑ |
| Transplant Center ☐ | Physical Therapy ☐ | Restricted-No Stairs[1]* ☐ | See CDCR 1845 and 7410[1]* ☑ |
| Hemodialysis ☐ | Durable Med. Equip.[1]* ☑ | | |
| Dementia ☐ | Transgender ☐ | | |
| ASAM: N/A | MAT: N/A | | |

Comments (*all * items*)
(*non-confidential*)

6.10.21 1845/7410 revision - DPW, use of CPAP machine, needs wheelchair lift for access to transport vehicle

Temporal medical hold till 6/22 due to new arrival quarantine

(medically-confidential)

| | |
|---|---|
| **Completed by (Print Name:** )Jeffrey Wang | **CDCR:** T22165 |
| **Signature:** DIGITALLY AUTHENTICATED | **Last Name:** SINGH |
| **Title:** Physician & Surgeon Ml — **Date:** 6/10/2021 | **First Name:** MICHAEL |
| **Institution:** HCSKVSP-Kern Valley State Prison-10002226 | **DOB:** 2/11/1975 |

13

* Include details in Comments
[1] Include detail in CDCR 1845 or CDCR 7410 as appropriate
[2] Regional Medical Executives Only. State Factors overridden in Comments

Distribution: Original - eUHR, Chrono Section; Copy - C&PR or RC CCIII, Central File, Medical Chrono Section; CCI; Inmate (Housing: 100000031 Z02001E1 149

Ex. C
1 of 2

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEMORANDUM

Date: June 11, 2021

To: Jason M. Weber
Correctional Captain
Office of Internal Affairs (OIA) – Allegation Inquiry Management Section (AIMS)

Subject: **INTERVIEW WITH INMATE SINGH, T22165, REGARDING ADDITIONAL ALLEGATIONS AGAINST KERN VALLEY STATE PRISON STAFF**

On Friday, 6/11/2021, I conducted an interview with complainant, Inmate Bailey, Michael, T22165, in the privacy of an office in Administrative Segregation Unit-2 (ASU-2), located at Kern Valley State Prison (KVSP). Singh made these allegations during the inquiry interview for Allegation Inquiry Management Section (AIMS) cases associated with California Substance Abuse Treatment Facility (CSATF); (C-AIMS-SATF-0908-21; C-AIMS-SATF-0955-21; C-AIMS-SATF-0955-21).

A review of SOMS indicated Singh is a participant in the Mental Health Services Delivery System at the Correctional Clinical Case Management System level of care. His Testing of Adult Basic Education score was 12.9. He is not a participant in the Developmental Disability Program. Singh is a participant in the Disability Placement Program at the DPW and DNH designations. Singh attended the interview in his wheelchair and had his hearing aids in during the interview. The following is a synopsis of the interview of Singh:

Singh stated when he arrived to KVSP ASU-1 (6/8/2021) he engaged in a verbal disagreement with the third watch staff regarding his need for his wheelchair to be located inside his cell. Singh stated he was designated DPO when he arrived to KVSP.

Singh stated the day after he arrived to KVSP ASU-1 (6/9/2021) he was escorted to the medical clinic after breakfast for his insulin shot. Singh stated the medical computer had technical issues and was informed he would receive his insulin shot later. Singh stated he was escorted back to his cell and engaged in a verbal disagreement with second watch staff regarding his need for his wheelchair to be located inside his cell. Singh stated his cell door was opened and he was assisted off his wheelchair and escorted into his cell by staff. Singh stated the cell door was closed, the handcuff port was opened, and he was ordered to cooperate with the removal of his waist chains.

Singh implied he did not follow staff's orders and continued to argue with staff regarding his wheelchair. Singh stated Correctional Officer "Veth" (Veith) stated, "This isn't SATF motherfucker [sic]" and ordered his cell door open. Singh stated Veith, Correctional Officers "A. Diaz" and "Fowler" entered his cell. Singh stated Veith and Fowler took him to the ground. Singh stated Veith kicked his ribs several times; Fowler slapped his face and hit his head on the ground; Diaz removed his waist chains. Singh stated Diaz did not utilize force on him. Singh stated once his waist chains were removed, all three staff

exited his cell and secured it.

Singh stated Psych Tech "Dillard" was about three to four cells away and observed Veith, Fowler and Diaz enter his cell. Singh stated he reported staff's use of force to Dillard and asked her to call a supervisor. Singh stated Dillard was apprehensive and evasive, and then left the immediate area. Singh stated an inmate in cell 106 (Johnson) heard the incident.

Singh stated later on the same day, Correctional Captain "Yardley" (female; blonde hair; combed back) interviewed him regarding his lock up order. Singh stated he informed Yardley about staff's use of force and she dismissed him. Singh stated Veith was present during his interaction with Yardley. Singh stated Yardley pointed at Veith, laughed and stated, "Oh this one here?" Singh stated Yardley informed him he would provide him with a CDCR 0602 appeal in a condescending manner and left the unit without addressing his concerns or providing him with an appeal.

Singh stated later in the evening a medical code was activated due to him being unresponsive. Singh stated he was escorted outside the building to an Emergency Response Vehicle (ERV), but was unable to transport himself onto it. Singh stated staff documented he refused medical treatment because he was unable to transport himself onto the ERV and alleged staff denied him medical attention.

Singh stated he submitted a CDCR 1824 the same evening of the alleged incident when he * went out for his insulin shot. Singh stated he feared staff intercepted the 1824 in an * attempt to cover up his allegation.

Singh stated on 6/10/2021 he was seen by a doctor, who ordered him to be seen by an outside hospital due to the injuries he sustained on 6/9/2021. Singh stated upon his return to KVSP, he was moved to ASU-2 without further incident.

Jose Aceves
Correctional Lieutenant
Allegation Inquiry Management Section
Office of Internal Affairs

Jason M. Weber
Captain
Allegation Inquiry Management Section
Office of Internal Affairs

Ex. D

CDC 128-B (Rev. 4/74)

| Inmate Name: SINGH | Number: T22165 | Bed Number: STRH-129L |
|---|---|---|

On Tuesday, May 25, 2021, I was informed that Inmate Singh, T22165, submitted a Reasonable Accommodation Request (CDCR 1824) to be moved to a DPW cell. Singh is requesting access to his wheelchair in his cell and hand rails.

Due to the aforementioned, I conducted an interview with Singh on May 25, 2021, at approximately 0800 hours in attempt to address his concerns. Singh stated that the 1824 he submitted was not in regard to his current housing assignment, rather it was intended for his future housing. Singh stated he is waiting to be evaluated by medical staff for DPW designation because he knows cells at other institutions are smaller and will not accommodate his wheel chair under his DPO status. Singh claims he is properly housed in STRH, as his wheel chair is in the cell with him and he does not require hand rails. Singh stated he could safely house in his assigned cell pending medial evaluation. Singh was willing to sign this document acknowledging his concerns.

Singh, T22165

Original: Central File

S. Lepe
Correctional Sergeant
Short Term Restricted Housing Unit
CSATF/SP

| Date: May 25, 2021 | INFORMATIONAL CHRONO | CSATF/SP at Corcoran |
|---|---|---|

Ex. E

# ADA/Effective Communication Patient Summary

As of: 07/15/2021 09:55

## Patient Information

**NAME:** SINGH, MICHAEL
**CDCR:** T22165

## Disability Placement Program

**Current DPP Code(s):**
* DPW
* DNH

**DPP Verification/Accommodation Date:** 06/10/21 10:52:14 PDT

**Current Housing Restrictions/Accomodations:**
* No Rooftop Work/Hazardous Restriction
* Lifting Restriction
* Transport Vehicle With Lift
* Full time Wheelchair User
* Bottom Bunk
* Ground Floor- No Stairs
* Barrier Free Wheelchair Acces

## Methods of Communication

**SLI:** No

**Primary Method:** Hearing Aids

**Secondary Method:** Written Notes

**Interview Date:** 06/15/2021 00:00

## Developmental Disability Program

**Current DDP Code:**

**Effective Date:**

**Adaptive Support Needs:**

## Testing of Adult Basic Education (TABE)

**TABE Score:** 12.9

**TABE Date:** 03/08/2002 00:00

## Learning Disabilities

**Learning Disabilities:**

## English Proficiency

**LEP:** No

**Primary Language:** English

## Durable Medical Equipment

**Current ISSUED DME:**
* Ankle Foot Orthoses/Knee Ankle Foot Orthoses Permanent
* Cane Permanent
* Compression Stocking Permanent
* Eyeglass Frames Permanent
* Hearing Aid Permanent
* Hearing Impaired Disability Vest Permanent
* Incontinence Supplies Permanent
* Knee Braces Permanent
* Non-invasive Airway Assistive Devices (C-Pap) Permanent
* Wheelchair Permanent
* Other Temporary:CPAP POWER CORD, CPAP MASK, DISTILLED WATER, W/C CUSHION, FINGERLESS W/C GLOVES, RIGHT FOOT BOOT FOR SLEEP, WEDGE PILLOW X 2, TENS UNIT AND BATTERY CHARGER CPAP SN# J2044105122B4, BASIN FOR FOOT SOAKS ACE wrap

## MHSDS

**MHLOC:** CCCMS



Exhibit AA

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET

**Date:** 10/25/2021

**CDC#:** T22165

**Current Location:** SATF-Facility F

**Current Area/Bed:** F 002 1 - 001003L

**Log #:** 000000134935

**Claim #** 001

**Institution/Parole Region of Origin:** Kern Valley State Prison

**Facility/Parole District of Origin:** KVSP-Facility Z02

**Housing Area/Parole Unit of Origin:**

**Category:** General Employee Performance

**Sub-Category:** Substandard Performance

**I. ISSUE ON APPEAL**

Appellant argues being hindered by staff in addressing allegations concerning excessive use of force.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, sections 3481(a) and 3483(i)(1)

**B. DOCUMENTS CONSIDERED**

CDCR Form 602, Log #134935; Grievance Response, Log #134935

**III. REASONING AND DECISION**

According to Title 15, subsection 3483(i)(1), to deny a claim requires that a Reviewing Authority find "by a preponderance of the evidence available that all applicable polices were followed and that all relevant decisions, actions, conditions, or omissions by the Department or departmental staff were proper." In this instance, however, the response by the Office of Grievances improperly shifts the burden to appellant to prove the allegations raised instead of assigning the burden of proof to the Department to prove all applicable rules were followed. Because this response improperly shifts the burden in violation of the above regulation, this claim is granted.

**IV. REMEDY**

The Office of Grievances shall open a new claim and the Hiring Authority shall only deny this claim if all applicable rules were followed.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Chief | 10/25/2021 |

Exhibit BB

CALIFORNIA DEPARTMENT of Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET

**Date:** 11/01/2021

**CDC#:** T22165

**Current Location:** SATF-Facility F

**Current Area/Bed:** F 002 1 - 001003L

**Log #:** 000000134042

**Claim #:** 001

**Institution/Parole Region of Origin:** Kern Valley State Prison

**Facility/Parole District of Origin:** KVSP-Facility Z02

**Housing Area/Parole Unit of Origin:**

**Category:** General Employee Performance

**Sub-Category:** Substandard Performance

**I. ISSUE ON APPEAL**

Appellant asserts the institution failed to establish effective communication and was hindered in his efforts to disclose an excessive force incident. Appellant states being victimized by staff.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, sections 3481(a) and 3483(i)(1)

**B. DOCUMENTS CONSIDERED**

CDCR Form 602, Log #134042; Grievance Response, Log #134042

**III. REASONING AND DECISION**

According to Title 15, subsection 3483(i)(1), to deny a claim requires that a Reviewing Authority find "by a preponderance of the evidence available that all applicable polices were followed and that all relevant decisions, actions, conditions, or omissions by the Department or departmental staff were proper." In this instance, however, the response by the Office of Grievances improperly shifts the burden to appellant to prove the allegations raised instead of assigning the burden of proof to the Department to prove all applicable rules were followed. Moreover, the grievance response provides no specific evidence refuting the facts as alleged by appellant as required by Title 15, subsection 3483(i)(1). The response is therefore incomplete and improperly shifts the burden in violation of governing regulations. Consequently, this claim is granted.

**IV. REMEDY**

The Office of Grievances shall open a new claim for the purpose of providing appellant with a substantive response and summary of facts in support of its determination. The Hiring Authority shall only deny this claim if all applicable rules were followed.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

Ex-A-1

Twin Cities Community Hospital
SINGH, MICHAEL
DOB: 2/11/1975 Sex: M
000366472
8/22/16 12:23:31

R

Scale 10 cm

ACCT# 100012847
MR# 000366472
08/22/2016 M 41 2/60
SINGH, MICHAEL DOB: 02/11/1975
Dr THORNHILL REX PCP: KUMAR REETIKA

Compressed 12:1

EX 000366472 M 41 SINGH MICHAEL 8/22/2016 XR XR ANKLE COMPLETE MINIMUM 3 VWS RIGHT S N
THORNHILL REX 0991
JAN 0 2 2018

Twin Cities Community Hospital
Confidential Saved 2017-01-04T19:44:10Z





CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET

**Date:** 12/15/2021

**CDC#:** T22165

**Current Location:** SATF-Facility G

**Current Area/Bed:** G 002 1 - 001002L

**Log #:** 000000146422

**Claim #:** 001

**Institution/Parole Region of Origin:** Kern Valley State Prison

**Facility/Parole District of Origin:** KVSP-Facility Z02

**Housing Area/Parole Unit of Origin:**

**Category:** General Employee Performance

**Sub-Category:** Substandard Performance

**I. ISSUE ON APPEAL**

Appellant asserts that on 6/24/2021, staff removed items from KVSP ASU mail, as a means to hide the fact that force was used against him causing him serious injuries. The Use of Force element in this appeal is being addressed via Log #128668.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, section 3000, 3001, 3004, 3005, 3130, 3391, 3484, 3485 and 3486

**B. DOCUMENTS CONSIDERED**

CDCR Form 602, Log #146422

**III. REASONING AND DECISION**

The Office of Appeals determined that based upon the interviews and facts gathered in the inquiry into appellant's claims, the claims of staff removing items out of appellant's mail is unfounded and directly refuted by staff. Staff in the KVSP Z-Unit Administrative Segregation Unit did not violate policy related process mail or in dealing with appellant. Therefore, the claim is denied.

**IV. REMEDY**

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| T H Moseley [MOHO002] | Chief | 12/15/2021 |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## APPEAL OF GRIEVANCE

CDCR 602-2 (03/20)

Page 1 of 2

| STAFF USE ONLY | Appeal #: ______ Date Received: ______ |
|---|---|
| | Date Due: ______ |
| | Categories: ______ |
| | Grievance #: 146422 |

Claimant Name: Smith, M CDCR #: T-22145

Current Housing/Parole Unit: B-142 Institution/Facility/Parole Region: SATF

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY OOA

OCT 15 2021

Claim #s: ______

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #: ______

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* what she saying is false - per X-Ray results of 6/24

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

(in the same envelope) X-Ray results dated 6/24 (attached as Ex. 'A' (double sided) w/ 2nd enclosure of #146422

DISTRIBUTION: Original: Offender's File Copies: DAI, DAPO, and Offender



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

Re: Grievance Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET **Date:** 09/14/2021
**CDC#:** T22165
**Current Location:** HDSP-Facility A **Current Area/Bed:** A 002 1 - 109001L

**Log #:** 000000146422

**Claim #:** 001
**Institution/Parole Region of Origin:** Kern Valley State Prison **Facility/Parole District of Origin:** KVSP-Facility Z02
**Housing Area/Parole Unit of Origin:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

**I. CLAIM**

The claimant contends that staff are removing items from KVSP ASU mail, as a means to hide the fact that force was used against him causing him serious injuries.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

CCR Title 15, sections 3391 and 3401

**B. DOCUMENTS CONSIDERED**

Grievance

**III. REASONING AND DECISION**

The Grievance inquiry is complete/has been reviewed and all issues were adequately addressed.

The following witnesses were interviewed:

Correctional Officer K. Nizami
Correctional Officer J. Hill

Inmate Singh did not provide any additional supporting information or supporting documentation during the interview. However, he did confirm that he was eventually able to get the documents mailed out.

Specifically staff stated that they have never removed any specific items from inmate Singh's personal mail and that they abide by all current CDCR policy, mail procedures and conduct themselves in a professional manner at all times.

After a thorough review of all facts presented and information derived from the interviews, it was determined that staff did not violate CDCR policy with respect to one or more of the issues grieved.

**Decision:** Disapproved

NO pg. 1 available per HDSP A-2 Staff

To: KVSP-Appeals PO Box 5102 Delano, CA 93216

Ex 6 A-2

(pg. 1 of 3) = 602-A

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12) Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | | |

FOR STAFF USE ONLY

Ex. A - 6-24-21 X-RAY Results = 8th & 9th Rib fractures.

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used. (2 pgs)
Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Singh, M. | T-22165 | A-2-109 | HDSP |

A. Continuation of CDCR 602, Section A only (Explain your issue): On 6/27/21 (Sun), I placed a letter to be mailed for pick-up. The letter got to its destination - but one of the contents (2 page document - my 6/24/21 X-RAY results (2 broken ribs caused by KVSP guards)) was surreptitiously removed, to cover-up evidence of my broken ribs (by c/os Veth, A. Dias & Fouley) [See Ex. A.] 2 pg. XRAYS & the day it was printed 6-25-21 (lower left corner) & FRI. *See 2021 WL - pg. 2, 3, Refers to Staff Misconduct (3) that employees who engage in criminal conduct against [illegible]s at KVSP in violation of the ARP or ADA are appropriately investigated & referred for prosecution or reassignment." This is the impetus mail processing staff illegally removed the x-ray results, to save their 'green wall' fellow Klansmen from prosecution/reassignment - since broken-bones (ribs) constitutes SERIOUS BODILY INJURY, 3001, Title 15, pg. 19 (Serious Bodily Injury) SBI - BONE FRACTURE." Therefore the cover-up of a felony - is a felony itself (as is tampering w/ U.S. Postal mail (Title 18). KVSP has a culture that promotes beat-downs, reprisals & NOW blatant cover-up of evidence that proves the corpus delicti of the case e.g. x-ray Results (6/24/21) 2 pg - 8th and 9th - rib fracture. The code-of-silence culture at KVSP in ASU & RT All levels w/in ASU - from c/os, Sgts, Lts, Capt. & now obviously that staff that process outgoing mail & removed X-rays 6/29/21 (& also the appeals collecting staff as they [illegible] the 1st complaint to the staff w/o broke my ribs - [illegible] was never recd by Appeals (KVSP)), so the outgoing mail [illegible] have now caused: SIX broken-ribs gate at KernValley State Prison!

Inmate/Parolee Signature: [signature] Date Submitted: 7-25-21

B. Continuation of CDCR 602, Section B only (Action requested): ① That an full investigation occur into who (what guards) processed outgoing mail that night (of 6/27/21, Sun. night) trying to cover-up my beating/broken ribs - to ensure a code-of-silence, green-wall, conspiracy, orchestration of tampering with evidence of a crime. ② That this cover-up be referred for criminal prosecution (as discussed in Claudia Wilkins court order - Mar. 2021 - of 5 next prisons to get body cams & mounted: KVSP, Cor, SATF, CIW, LAC. ③ That this 602 & exhibits be viewed by KVSP Warden - Phieffer & CDW - Smith (of what KVSP ASU guards do to wheelchair ADA [illegible]s) proof of ④ That this be placed in NON compliance log ⑤ That this be investigated by Allegation Inquiry Management Unit Sect (AIMS) ⑥ Refer to #2 above - action requested, as stated in Dkt. 2948 (2021 WL 930454) 3-11-21 pg. 3 (5.c. Refers to staff misconduct (3), 'employees who engage in criminal conduct against disabled [illegible]s (KVSP) in violation of ARP or ADA are properly investigated & if warranted referred for prosecution or reassignment." - I want [illegible] the mail processing (cover-up of a felony) staff prosecuted & reassigned just like the trio c/os Veth, A. Diaz & Fawley per federal judge court order (e.g. the staff who removed x-ray from my [illegible] outgoing mail to cover-up.)

Inmate/Parolee Signature: [signature] ⑦ I want to press charges ⑧ I want no reprisals Date Submitted: 7-25-21

⑨ no further cover-ups!

(8th, 9th ribs broken) (Pg. 2 of 3 = X-RAY 6-24-21) 6-24-21

XR RIBS LEFT-2 VWS W/ CHEST 1 VW

SINGH, MICHAEL MANJEET - T22165

* Final Report *

Ex. A pg 1 of 2

* Final Report *

REPORT

PATIENT NAME: MICHAEL SINGH
MRN: 11913823
DOB: 02/11/1975
ACCOUNT: 10000003111913823T22165
ORDERING PHYSICIAN: J. Wang
Service Date: 06/24/2021

XR RIBS LEFT-2 VWS W/ CHEST 1 VW

CLINICAL INDICATION: "Left chest wall pain after an altercation. R/O rib fracture."
COMPARISON: None
TECHNIQUE: Routine technique

FINDINGS:

There is no focal consolidation, pneumothorax, or pleural effusion. No overt pulmonary edema.

The cardiomediastinal silhouette is within normal limits for size.

Mildly displaced right lateral ninth rib fracture. Questionable nondisplaced left eighth lateral rib fracture. No additional fractures appreciated.

IMPRESSION:

1. Mildly displaced left ninth rib fracture. Questionable nondisplaced left eighth rib fracture.

Electronically Signed by: ABartret, MD

| | |
|---|---|
| Result type: | XR RIBS LEFT-2 VWS W/ CHEST 1 VW |
| Result date: | June 24, 2021 12:06 PDT |
| Result status: | Auth (Verified) |
| Result title: | XR RIBS LEFT-2 VWS W/ CHEST 1 VW |
| Performed by: | ABartret -UNKNOWN, PERSONNEL on June 24, 2021 12:06 PDT |
| Cosigned by: | ABartret -UNKNOWN, PERSONNEL |
| Verified by: | ABartret -UNKNOWN, PERSONNEL on June 24, 2021 12:06 PDT |
| Contributor system: | FUJI |

Printed by: Arias, Maria HRT I
Printed on: 6/25/2021 9:36 PDT





V. Singh, T-22165
SATF/ F3-142
PO Box 5246
Corcoran, CA 93212

SANTA CLARITA CA 913
12 OCT 2021 PM 7 L

Office of Appeals
Dept of Corrections & Rehab
PO Box [illegible]883
Sacramento, CA 9583[illegible]

Confidential
mail

94283-

1/5 Ex A-3

CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET **Date:** 12/15/2021
**CDC#:** T22165
**Current Location:** SATF-Facility G **Current Area/Bed:** G 002 1 - 001002L

**Log #:** 000000146434

**Claim #:** 001
**Institution/Parole Region of Origin:** Kern Valley State Prison **Facility/Parole District of Origin:** KVSP-Facility Z01 - STRH
**Housing Area/Parole Unit of Origin:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

**I. ISSUE ON APPEAL**

It is appellant's position that Kern Valley State Prison called High Desert State Prison staff to warn them about appellant arriving.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15, section 3000, 3001, 3004, 3270, 3380, 3391 and 3480

**B. DOCUMENTS CONSIDERED**

CDCR Form 602, Log #146434

**III. REASONING AND DECISION**

The Office of Appeals finds due to the lack of clarifying information from the written CDCR Form 602-1 and subsequent interview with appellant, the Office of Appeals finds there is a lack of evidence to support appellant's claim. This claim is denied.

**IV. REMEDY**

Your claim has been denied. Therefore, there is no applicable remedy.

**Decision: Denied**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is denied. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
| --- | --- | --- |
| H. Moseley [MOHO002] | Chief | 12/15/2021 |



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**APPEAL OF GRIEVANCE**
CDCR 602-2 (03/20)

Ex A-3

| STAFF USE ONLY | Appeal #: | Date Received: |
|---|---|---|
| | Date Due: | |
| | Categories: | |
| | Grievance #: 144434 | |

Claimant Name: M. Singh CDCR #: T22165

Current Housing/Parole Unit: E1-142 Institution/Facility/Parole Region: SATF

☐ There are no claims that can be appealed.

☐ The following claims cannot be appealed:

REC BY OOA
OCT 15 2021

Claim #s:

*This is the process to appeal the decision made regarding a claim that is not listed above.*

Claim #:

Explain the reason for your appeal of any claims not listed above. Be as specific as you can.

*I am dissatisfied with the response I was given because* they did infact (KVSP) call up [illegible] [illegible] Staff there. KVSP were involved w/ my conduct they [illegible] [illegible] [illegible] [illegible] [illegible] Veik, a. [illegible], & Frailey) [illegible] me out. KVSP has no record of it cause they didn't [illegible] [illegible] / [illegible] policy. But a medical ER [illegible] to ASU (they said [illegible] [illegible] [illegible] [illegible] [illegible], but they refused 2 pull out [illegible])

Are there documents that would be helpful to support your position? Attach copies of those documents, if you don't have the documents, identify them as best you can below:

[illegible] [illegible] 9/21/2021 [illegible] filed [illegible] at KVSP + see that there's a staff [illegible] [illegible] [illegible] [illegible] [illegible]

DISTRIBUTION Original: Claimant's File Copies: DAI, DAPO, and Claimant



CALIFORNIA DEPARTMENT of Corrections and Rehabilitation

# CLAIMANT GRIEVANCE CLAIMS DECISION RESPONSE

Re: Grievance Claims Decision Response

**Offender Name:** SINGH, MICHAEL MANJEET **Date:** 09/16/2021
**CDC#:** T22165
**Current Location:** HDSP-Facility A **Current Area/Bed:** A 002 1 - 109001L

**Log #:** 000000146434

**Claim #:** 001
**Institution/Parole Region of Origin:** Kern Valley State Prison **Facility/Parole District of Origin:** KVSP-Facility Z01 - STRH
**Housing Area/Parole Unit of Origin:**
**Category:** General Employee Performance **Sub-Category:** Substandard Performance

**I. CLAIM**

Claimant alleges staff at Kern Valley State Prison called High Desert State Prison (HDSP) staff talking "ill" about him and warned HDSP staff about him.

**II. RULES AND REFERENCES**

**A. CONTROLLING AUTHORITY**

Title 15 Section 3271 Responsibility of Employees

**B. DOCUMENTS CONSIDERED**

Grievance form
Incident Report Log by Offender Report
Rules Violation Reports

**III. REASONING AND DECISION**

A review of the grievance has been concluded. After interviewing the claimant, it was determined the claim is unsubstantiated. Claimant is DNH and effective communication was achieved as the claimant actively responded to questions and provided responses. The allegation of staff at Kern Valley State Prison (KVSP) calling High Desert State Prison (HDSP) to talk "ill" or warn staff about claimant is unfounded. Claimant stated he was involved in an incident with staff at KVSP on June 9, 2021. Furthermore, claimant stated he believe the aforementioned incident is what's causing KVSP staff to contact HDSP staff. A review of claimants incident report log revealed claimant was not involved in an incident on June 9, 2021. A review of claimants disciplinary report history revealed claimant did not receive any rules violation reports while at KVSP. The claimant while at KVSP did make an allegation against staff on the disclosed date, however the allegation was reviewed and unfounded. Claimants grievance is disapproved due to lack of evidence to substantiate the allegation.

**Decision: Disapproved**

After a thorough review of all documents and evidence presented at the Office of Grievances Level, it is the order of the Office of Grievance to DISAPPROVE the claim.

If you are dissatisfied with the decision of this claim, you may file a 602-2, appeal with the California Department of Corrections and Rehabilitation Office of Appeals.

STATE OF CALIFORNIA
**REASONABLE ACCOMMODATION REQUEST**
CDCR 1824 (Rev. 09/17) declaring the following:

DEPARTMENT OF CORRECTIONS AND REHABILITATION

146434 (4/5) (Ex A-3) Page 1 of 1

| INSTITUTION (Staff use only) | LOG NUMBER (Staff Use Only) | DATE RECEIVED BY STAFF: |
|---|---|---|
| HDSP | HDSP-A-21-003102 | 2021 |

*********TALK TO STAFF IF YOU HAVE AN EMERGENCY*********
DO NOT use a CDCR 1824 to request health care or to appeal a health care decision. This may delay your access to health care. Instead, submit a CDC 7362 or a CDCR 602-HC.

| INMATE'S NAME (Print) | CDCR NUMBER | ASSIGNMENT | HOUSING |
|---|---|---|---|
| Swan, M. | T-22165 | HDSP | A-5-142 |

INSTRUCTIONS: this is [illegible] for this to be presented to Armstrong (ARP) Judge Williams Court [illegible]

- You may use this form if you have a physical or mental disability or if you believe you have a physical or mental disability.
- You may use this form to request a specific reasonable accommodation which, if approved, will enable you to access and/or participate in a program, service or activity. You may also use this form to submit an allegation of disability-based discrimination.
- Submit this form to the Custody Appeals Office. ada-denial of access to shower hoses - determined by Judge Williams ARP court [illegible]
- The 1824 process is intended for an individual's accommodation request. Each individual's request requires a case-by-case review.
- The CDCR 1824 is a request process, not an appeal process. All CDCR 1824 requests will receive a response.
- If you have received an 1824 decision that you disagree with, you may submit an appeal (CDCR 602, or CDCR 602-HC if you are disagreeing with a medical diagnosis/treatment decision).

**WHAT CAN'T YOU DO / WHAT IS THE PROBLEM?** When I got my [illegible] shower, went to lower B shower there was NO ADA shower hose/nozzle just like C-Yard. (2) On 7/8, at [illegible] [illegible] [illegible] [illegible] said "who['s] going to do this?" [illegible] we don't want him to [illegible] fuck it up 4 all of us!" [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] staff target ada [illegible] for retaliation, abuse, [illegible] singling out [illegible] [illegible] [illegible] [illegible] cause 2 [illegible] [illegible] stop [illegible] at this point. & NO! I'm not in ANY DANGER! [illegible]

**WHY CAN'T YOU DO IT?** b/c HDSP staff lie to Prison Law Office & Armstrong courts & act like they're in ADA compliance [illegible] start writing stuff up they get butthurt mad & act as if I'm wrong [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] (3) because [illegible] [illegible] [illegible] wearing audio/video body cameras [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible]

**WHAT DO YOU NEED?** (1) [illegible] reduction in C&E, classification, medical status et al cause [illegible] [illegible] the shower hose (for ada [illegible]). (2) put audio/video body cams on all custody staff [illegible] [illegible] by ARMSTRONG Judge Williams [illegible] happening at HDSP, SATF, CCR, CMF, LAC, due to lack of access [illegible] [illegible] like what all I'm facing here. (3) that the HDSP [illegible] that called up here talking [illegible] [illegible] [illegible] be put in NON-compliance [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] (4) that it be recognized this [illegible] violates ADA [illegible] [illegible] provisions - 42 USC 12203(b) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] (5) that staff - not [illegible] (Use the back of this form if more space is needed) [illegible]

**DO YOU HAVE DOCUMENTS THAT DESCRIBE YOUR DISABILITY?** Yes ☑ No ☐ Not Sure ☐

List and attach documents, if available:
[illegible] HCRF [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] Classification Chrono be updated to only lower, added - High Altitude, Restrictions (and other items [illegible] [illegible] [illegible])

I understand that staff have a right to interview or examine me, and my failure to cooperate may cause this request to be disapproved. declaration above - under the penalty of perjury to the best of my ability & recall to be [illegible]

| M. [signature] | 7-9-21 |
|---|---|
| INMATE'S SIGNATURE | DATE SIGNED |

Assistance in completing this form was provided by:

| | | |
|---|---|---|
| Last Name | First Name | Signature |

A. Singh, T-22865
SATF/ E1-142
P.O. Box 5246
Corcoran, CA 93212

SANTA CLARITA CA 913
12 OCT 2021 PM 7 L

Office of Appeals
Dept. of Corrections & Rehab.
PO Box 942883
Sacramento, CA 95811

Confidential
mail - 3141(c)

94283-

E-B1 p.1of6

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964
Telephone (510) 280-2621 • Fax (510) 280-2704
www.prisonlaw.com

*Director:*
Donald Specter

*Managing Attorney:*
Sara Norman

*Staff Attorneys:*
Rana Anabtawi
Laura Bixby
Patrick Booth
Steven Fama
Alison Hardy
Sophie Hart
Jacob Hutt
Rita Lomio
Margot Mendelson

# UPDATE ON *ARMSTRONG v. NEWSOM* STAFF MISCONDUCT LITIGATION

Last updated: May 2021

We are sending you this letter because you wrote about staff misconduct within CDCR. As you may know, we represent the class of incarcerated people and parolees with certain disabilities (mobility, hearing, speech, vision, kidney, and learning) in a lawsuit called *Armstrong v. Newsom*. The case is about improving the way people with disabilities are treated in prisons and on parole. We work on the *Armstrong* case with another law firm, called Rosen Bien Galvan and Grunfeld LLP ("RBGG"). RBGG and our office also represent people who are in prison and have mental illness in a lawsuit called *Coleman v. Newsom*.

In the *Armstrong* case, we filed two motions regarding staff misconduct and abuse of people with disabilities. The motions were filed in February 2020 and June 2020. The Court found the statements of people with disabilities victimized by staff to be credible and ordered CDCR to develop a plan to stop staff misconduct at six prisons:

- Richard J. Donovan Correctional Facility ("RJD")
- California State Prison – Los Angeles County ("LAC")
- California State Prison – Corcoran ("COR")
- Kern Valley State Prison ("KVSP")
- California Institution for Women ("CIW")
- California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF")

32

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Harlan Grossman • Christiane Hipps • Margaret Johns • Cesar Lagleva • Jean Lu
Laura Magnani • Michael Marcum • Ruth Morgan • Seth Morris • Vishal Shah

Ex B1 p. 3 of 6

2021 WL 930454
Only the Westlaw citation is currently available.
United States District Court, N.D. California.

John ARMSTRONG, et al., Plaintiffs,
v.
Gavin C. NEWSOM, et al., Defendants.

Case No. 94-cv-02307 CW
|
Signed 03/11/2021

## ORDER FOR ADDITIONAL REMEDIAL MEASURES AT LAC, COR, SATF, CIW, AND KVSP

Re: Dkt. No. 2948

CLAUDIA WILKEN, United States District Judge

*1 For the reasons set forth in the Court's order granting in part Plaintiffs' motion to modify its prior remedial orders and injunctions to require the implementation of new remedial measures to prevent further violations of the ARP and ADA at California State Prison, Los Angeles County (LAC); California State Prison, Corcoran (COR); Substance Abuse Treatment Facility (SATF); California Institute for Women (CIW); and Kern Valley State Prison (KVSP) (collectively, the five prisons), the Court hereby orders as follows:

1. No later than twenty-one days of the date this Order is filed, Defendants must draft and present to Plaintiffs for their review a plan for achieving compliance with the Armstrong Remedial Plan (ARP) and the Americans with Disabilities Act (ADA) that includes the components described below (the Five Prisons Remedial Plan). To the extent possible, Defendants shall provide to Plaintiffs drafts of the components that must be included in the Five Prisons Remedial Plan on a rolling basis prior to twenty-one days of the date this Order is filed.

2. Plaintiffs shall provide comments to Defendants as to the drafts within seven days of receiving them.

3. The parties shall meet and confer promptly to resolve any disagreements as to the adequacy of

WESTLAW © 2021 Thomson Reuters. No claim to original U.S. Government Works.

Ex. B1 p.5 of 6

or the ADA; (2) that CDCR imposes appropriate and consistent discipline against employees who engage in violations of the ARP or ADA with respect to disabled inmates at LAC, COR, SATF, CIW, and KVSP; and (3) that employees who engage in criminal misconduct against disabled inmates at LAC, COR, SATF, CIW, and KVSP in violation of the ARP or ADA are appropriately investigated and, if warranted, referred for prosecution or reassignment. The Investigation and Discipline Section of the Five Prisons Remedial Plan also shall ensure that officers accused of serial violations of the ARP or ADA with respect to disabled inmates at LAC, COR, SATF, CIW, and KVSP are reassigned. The Investigation and Discipline Section of the Five Prisons Remedial Plan also shall provide for effective mechanisms for oversight over all staff misconduct complaints, use-of-force reviews, and related staff disciplinary proceedings at LAC, COR, SATF, CIW, and KVSP that involve alleged violations of disabled inmates' rights under the ARP or ADA. The Investigation and Discipline Section of the Five Prisons Remedial Plan shall require quarterly interviews of randomly-selected disabled inmates at LAC, COR, SATF, CIW, and KVSP using the methodology and interview questionnaire utilized by the December 2018 investigators in connection with the Bishop Report at Richard J. Donovan Correctional Facility.

d. Third-Party Expert Monitoring of Defendants' Investigation and Discipline Section of the Five Prisons Remedial Plan. The Court delegates to Edward Swanson, its expert, pursuant to Federal Rule of Evidence 706, the additional duties of monitoring Defendants' implementation of their Investigation and Discipline Section of the Five Prisons Remedial Plan. Mr. Swanson shall have access to all documents reasonably necessary for monitoring Defendants' implementation of their Investigation and Discipline Section of the Five Prisons Remedial Plan. Mr. Swanson shall issue quarterly reports regarding Defendants' implementation of the Investigation and Discipline Section of the Five Prisons Remedial Plan. Prior to the issuance of each quarterly report, the parties and Mr. Swanson shall meet and confer regarding his findings for the quarter.

e. Early-Warning System. CDCR shall develop an electronic system for tracking all staff misconduct incidents involving disabled inmates at LAC, COR, SATF, CIW, and KVSP by date, time, location, staff involved, and disabled inmates involved, that includes information about the nature of the disabled inmates' disabilities, any injuries they suffered, and related medical records.

*3 f. Information Sharing with Plaintiffs' counsel and the Court's expert. CDCR must produce to Plaintiffs' counsel and the Court's expert, Mr. Swanson, on a quarterly basis, all documents related to LAC, COR, SATF, CIW, and KVSP staff misconduct complaints in which the alleged victim is a qualified inmate with a disability and alleges violations of his or her rights under the ARP or ADA, including, but not limited to, grievances, incident reports, documents from staff misconduct inquiries, documents from Institutional Executive Review Committee inquiries in which the qualified inmate with a disability alleges excessive use of force or other staff misconduct in violation of his or her rights under the ARP or ADA, 989 forms and all supporting documents, responses of the Central Intake Unit of OIA to 989 forms, investigation

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MANJEET SINGH,

Plaintiff,

v.

Defendant.

Case No. 22-cv-02393-KAW

**CONSENT OR DECLINATION TO MAGISTRATE JUDGE JURISDICTION**

**INSTRUCTIONS:** Please indicate below by checking **one** of the two boxes whether you choose to consent or decline magistrate judge jurisdiction in this matter. Sign this form below your selection.

☒ **Consent to Magistrate Judge Jurisdiction**

MIC In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

**OR**

☐ **Decline Magistrate Judge Jurisdiction**

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

DATE: May-3-2022 NAME: SATF, Kings County

AT: Satf (Substance Abuse Treatment Facility) Facility-G
*(Write place where signed.)*

Michael Manjeet Singh
*Signature*

*Rev. 03-20*

United States District Court
Northern District of California