UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MANJEET SINGH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PHEIFFER, et al.,<br><br>　　　　Defendants. | **1:22-cv-01446-JLT-GSA-(PC)**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE 1:22-cv-001412-ADA-EPG-(PC)**<br><br>**OBJECTIONS, IF ANY, DUE ON OR BEFORE <u>JULY 17, 2023</u>** |

## I.   INTRODUCTION

Michael Manjeet Singh ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

The Court finds that this case, 1:22-cv-01446-JLT-GSA-(PC), filed by Plaintiff on November 9, 2022, is duplicative of a case filed by Plaintiff on May 27, 2022 at the United States District Court for the Northern District of California, which was subsequently transferred to this Court on November 2, 2022, and opened as case 1:22-cv-01412-ADA-EPG-(PC). (ECF Nos. 20 & 21).

The Court shall recommend that this case, 1:22-cv-01446-JLT-GSA-(PC), be dismissed as duplicative of case 1:22-cv-01412-ADA-EPG-(PC).

## II.     PROCEDURAL BACKGROUND -- FIRST CASE, 22-1412

On April 18, 2022, Michael Manjeet Singh ("Plaintiff") submitted a letter to the United States District Court for the Northern District of California, which was used to open a civil rights case.  Subsequently, Plaintiff filed an amended complaint on August 4, 2022 (ECF No. 15), thereafter the case was transferred from the Northern District of California to the Eastern District of California on November 2, 2022 and assigned case number 1:22-cv-01412-ADA-EPG-(PC) (hereinafter "**22-1412**"). ECF No. 21.)  On December 5, 2022, Plaintiff paid the $402.00 filing fee in full for this case.  (case **22-1412**, Court Record.)

## III.     PROCEDURAL BACKGROUND -- SECOND CASE, 22-1446

Michael Manjeet Singh ("Plaintiff") filed a Complaint commencing the present case, 1:22-cv-01446-JLT-GSA-(PC) (hereinafter "**22-1446**"), on November 9, 2002.  (ECF No. 1.)

On April 7, 2023, the Court issued an order requiring Plaintiff to pay the $402.00 filing fee for this case in full within 30 days.  (ECF No. 11.)  On May 2, 2023, Plaintiff filed a motion for extension of time and the Court granted him an extension of time until June 1, 2023 to pay the filing fee.  (ECF Nos. 13, 14.)  On May 19, 2023, Plaintiff filed another motion for extension of time and a motion to consolidate this case with his prior cases.  (ECF No. 15.)  The motion is pending.

On June 1, 2023, Plaintiff filed a response to the Court in which he alleges that the $402.00 filing fee for this case was already paid in full on November 28, 2022 with check # 1503047 in case no. 1:22-cv-01412-ADA-EPG-(PC).  (ECF No. 16.)

## IV.     DUPLICATIVE CASES

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).  "After weighing the equities of the case, the district court may exercise its discretion

to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir. 1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir. 1993)).

In assessing duplicative lawsuits, "we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689. "Under the first part of the duplicative action test, [t]o ascertain whether successive causes of action are the same, [a court should] use the transaction test, developed in the context of claim preclusion [and articulated in Adams]." In re Consol. Salmon Cases, 688 F. Supp. 2d 1001, 1007 (E.D. Cal. 2010) (internal quotation marks omitted). "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Morris v. Mini, No. 212CV1774TLNDMCP, 2019 WL 3425277, at *10 (E.D. Cal. July 30, 2019) (quoting Adams, 487 F.3d at 689 (internal quotation marks omitted).

V.     DISCUSSION

Upon receipt of Plaintiff's response to the Court filed on June 1, 2023, the Court reviewed the records for both of Plaintiff's pending cases, **22-1412** and **22-1446**, and found that they are duplicative cases under the law. Plaintiff alleged in his response that the $402.00 filing fee for the present case, **22-1446**, was already paid in full on November 28, 2022 with check # 1503047 in case no. 1:22-cv-01412-ADA-EPG-(PC). (ECF No. 16.) Indeed, Plaintiff paid the $402.00 filing fee in full in case **22-1412**, on December 5, 2022. (case **22-1412**, Court Record.)

A review of the two cases shows that the parties, causes of actions, and relief sought are the same, and the later-filed case, **22-1446**, should be dismissed as duplicative of case **22-1412**.

A.     <u>Defendants</u>

Plaintiff's Amended Complaint in case **22-1412** and Complaint in the present case, **22-1446**, both name the same 8 defendants: (1) Warden Pheiffer, (2) unnamed SHU/ASU Captain, (3) unnamed SHU/ASU Lieutenant, (4)/(5) two unnamed SHU/ASU Sergeants, (6) Correctional Officer ("C/O") Veith, (7) C/O Fowler, and (8) C.O Diaz. (See case **22-1412**, ECF No. 15 at pp. 4-5; case **22-1446**, ECF No. 1 at pp. 3-4. )[1]

### B.  Amended Complaint & Complaint

Nine pages are identical in the Amended Complaint (**22-1412**) and Complaint (**22-1446**), containing Plaintiff's Introduction, Jurisdiction and Venue, Parties, Exhaustion of Available State Remedies, Facts, Claims for Relief, and Relief Requested. (See case **22-1412**, ECF No. 15 at pp. 4-12; case **22-1446**, ECF No. 1 at pp. 6-14.) In both cases, Plaintiff claims that:

> Defendants caused Plaintiff to suffer intense physical, mental, and emotional pain and suffering, in violation of the 8th Amendment and State law. The complaint alleges that Defendants (a) used unnecessary force; (b) failed to intervene as two officers brutally beat Plaintiff, exposing Plaintiff to an obvious risk of serious and/or fatal harm further exacerbated by (c) deprived Plaintiff of medical care and treatment following the brutal stomping out and repeated hits to his face and banging of his head on the concrete floor, (d) deliberately exposed Plaintiff to unsafe complications - by leaving Plaintiff in a state of unconsciousness in the cell where defendants beat him down, notwithstanding his cries for help.

(See case **22-1412**, ECF No. 15 at p. 4; case **22-1446**, ECF No. 1 at p. 6.)

The allegations in both cases describe the same incidents at issue, which allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, when Plaintiff was incarcerated there, beginning on June 8, 2021 when Plaintiff arrived at KVSP. The Amended Complaint and Complaint both include Plaintiff's 85 separate paragraphs of handwritten text, which are the same in both cases. (See case **22-1412**, ECF No. 15 at pp. 4-11; case **22-1446**, ECF No. 1 at pp. 6-13.)

---

[1] The page numbers referred to by the Court are those numbers assigned by the Court's CM/ECF system and not the numbers used by the parties on their documents.

**Relief Requested**

Plaintiff's signatures on both the Amended Complaint and Complaint are dated May 3, 2022, and Plaintiff requests exactly the same relief in both cases: declaratory relief; monetary damages including compensatory, punitive, and nominal damages; appointment of counsel; reimbursement of costs, expenses, and fees; and injunctive relief providing medical care and medical equipment.

### D.   **Exhibits and Other Variations**

The number of exhibits in the two cases, attached to the Amended Complaint and Complaint, vary.  Plaintiff attached 6 pages of documents as exhibits to the Amended Complaint in **22-1412**, whereas he attached 23 pages of documents to the Complaint in **22-1446**.  Despite these and other minor variations, the Court finds the cases to be duplicative.  "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions."  Morris, 2019 WL 3425277, at *10.

Based on the foregoing, the Court finds that Plaintiff's two pending cases are duplicative, and case **22-1446**, which was filed after case **22-1412**, should be dismissed as duplicative.

## VI.   CONCLUSION AND RECOMMENDATIONS

The Court finds that the present case, 1:22-cv-01446-JLT-GSA-(PC); Singh v. Pheiffer, et al., is duplicative of case 1:22-cv-01412-ADA-EPG-(PC); Singh v. Pheiffer, et al., and should be dismissed as such.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. This case, 1:22-cv-01446-JLT-GSA-(PC); Singh v. Pheiffer, et al., be DISMISSED as duplicative of case 1:22-cv-01412-ADA-EPG-(PC); Singh v. Pheiffer, et al.; and

2. The Clerk be directed to administratively CLOSE this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before July 17, 2023**, any party may file written objections with the Court.  The document should

be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 22, 2023**                              **/s/ Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE